UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE INGRAM BARGE COMPANY,                CIVIL ACTION
AS OWNER OF THE OR5286 AND
ING1916, PETITIONING FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY

                                           NO: 09-2839

                                           SECTION: R(4)

**ORDER AND REASONS**

Before the Court is Ingram Barge Company ("Ingram")'s motion for summary judgment of exoneration. For the following reasons, Ingram's motion is GRANTED.

**I.  BACKGROUND**

On march 1, 2008, a fatal accident took place aboard a barge owned by Ingram and moored at a facility operated by United Bulk Terminal L.L.C. ("United"). Following the accident, representatives, beneficiaries and heirs of the decedent filed an action in Louisiana state court against Ingram and United. *See*

*Requitta Sanders, on behalf of her minor child, Kalli Sanders, et al. v. U.S. United Bulk Terminals, L.L.C., et. al.*, No. 56-437 (Parish of Plaquemines). On February 20, 2009, Ingram filed a complaint for exoneration from or limitation of liability in this Court. (*See* R. Doc. 1.) On February 25, 2009, the Court approved Ingram's affidavit of valuation and *ad interim* stipulation, directed issuance of notice to potential claimants, and restrained further prosecution of claims related to the accident. (*See* R. Doc. 3.) The Court set April 1, 2009 as the deadline for potential claimants to assert claims against Ingram and/or contest Ingram's right to exoneration from or the right to limitation of liability. (*Id.* ¶ 5.) On April 1, 2009, United filed an answer and claim to Ingram's complaint. (*See* R. Doc. 4.) United's answer and claim does not allege that Ingram was at fault but rather seeks contribution and/or indemnity from Ingram. (*Id.*) No other answers or claims to Ingram's complaint were made, and on April 3, 2009 the Court entered default against other potential claimants. (*See* R. Doc. 8.) Ingram now moves for summary judgment of exoneration of liability. (*See* R. Doc. 13.)

**II. LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party."  *Delta*, 530 F.3d 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in

favor of the moving party."  *Id.* at 1265.

**III. DISCUSSION**

Ingram asserts that it is entitled to summary judgment of exoneration of liability because United and not Ingram possessed any duty of reasonable care applicable to the barges at issue in this case.  (*See* R. Doc. 13 at 4.)  Ingram argues that United was the bailee of the barges at the time of the accident, and therefore United alone may be held liable to potential claimants. *See In re Ingram Barge Co.*, Civ. A. No. 05-4419, 2008 WL 906303, at *4 (Mar. 31, 2009) (finding bailee alone had duty of reasonable care with respect to drifting barge); *Noonan Const. Co. v. Fed. Barge Lines, Inc.*, 453 F.2d 637, 641 (5th Cir. 1972) (finding bailee's "liabilities depend exclusively on the obligations which he has himself undertaken in his contract with the owners of the vessels entrusted to his care"); *Flowers Transp., Inc. v. M/V Peanut Hollinger*, 664 F.2d 112, 113 (5th Cir. 1981) ("Of course, each of the several parties who played any role in the movement of the barge . . . had a duty to use due care"); *cf. Dow Chem. Co. v. Barge UM-23B*, 424 F.2d 307, 311-12 (5th Cir. 1970) (finding bailee required to indemnify bailor because bailee had duty "to see to it that the barges were adequately moored at all times").  According to Ingram, because it had no duty of care with respect to the barges, no reasonable

4

factfinder could find it liable for negligence.

The Court need not address the existence, nature and implications of the bailment between Ingram and United because United "has no objection to the granting of the motion in [Ingram's] favor" and all other potential claimants have been defaulted. (*See* R. Doc. 16.) United admits that its "investigation determined that the Barge had no defect or failure that caused the Accident," and that it is "aware of no facts to show that any employees of Ingram Barge Company were involved in the Barge cleaning operation during which the Accident occurred." (R. Doc. 13-3.) United's answer does not allege that Ingram was negligent with respect to the barges. (R. Doc. 4.) United further asserts that it is withdrawing its claim against Ingram. (R. Doc. 16.) Because United does not object to Ingram's motion, and because there are no other claimants in this action, the Court finds that there are no issues of material fact and that Ingram is entitled to summary judgment of exoneration.

**IV. CONCLUSION**

For the reasons stated, Ingram's motion for summary judgment of exoneration is GRANTED.

New Orleans, Louisiana, this 10th day of November 2009

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

5